United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID S. PERRYMAN,

Petitioner,

vs.

ELVIN VALENZUELA, Acting Warden,

Respondent.

_______________________________________/

No. C 13-00311 YGR (PR)

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED; AND DENYING PETITIONER'S PENDING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING**

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. Petitioner has also filed motions for appointment of counsel and for an evidentiary hearing.

It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. Petitioner's application to proceed *in forma pauperis* is GRANTED.

2. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

3. Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and nineteen (119) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state

records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty-three (63) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty-three (63) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file with this Court and serve upon Petitioner, within **sixty-three (63) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty-three (63) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

8. Petitioner's motions for the appointment of counsel and an evidentiary hearing (Docket nos. 3, 4) are DENIED. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965). Such is not the case here.

There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims. If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. *See Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000).

9. This Order terminates Docket nos. 2, 3 and 4.

IT IS SO ORDERED.

DATED: February 19, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE