IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID S. PERRYMAN,

    Petitioner,

  v.

ERVIN VALENSUELA, Warden,

    Respondent.

No. C 13-00311 YGR (PR)

**ORDER DENYING PETITIONER'S SECOND MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING HIM AN EXTENSION OF TIME TO FILE A SUPPLEMENTAL TRAVERSE**

    Petitioner David S. Perryman is a prisoner of the State of California who is incarcerated at the California Men's Colony. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    After its initial review of Petitioner's habeas petition, the Court ordered Respondent to show cause why the petition should not be granted. The Court also denied Petitioner's first motion for appointment of counsel and motion for an evidentiary hearing.

    On July 12, 2013, Respondent filed an answer.

    On October 23, 2013, Petitioner filed a traverse after being granted an extension of time to do so. However, also on October 23, 2013, Petitioner file a request for an extension of time to "redo [his traverse] correctly." (Docket No. 17.) The Court construes his request as motion for an extension of time to file a supplemental traverse.

    Petitioner has also filed second motion for appointment of counsel in this action. (Docket No. 14.) Petitioner alleges that he suffers from medical problems from a past surgery as well as "psychological conditions" for which he is being treated. (*Id.* at 2.)

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court.

*See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case.  The petition contains typical claims that arise in criminal appeals and are not especially complex.  This is not an exceptional case that would warrant representation on federal habeas review.  Therefore, Petitioner's second motion for appointment of counsel (Docket No. 14) is DENIED.

Petitioner has also filed a request for an extension of time to file a supplemental traverse.  Now that the Court has ruled on his motion for appointment of counsel, his motion for an extension of time to file a supplemental traverse (Docket No. 17) is GRANTED.  Petitioner shall file his supplemental traverse no later than **twenty (28) days** from the date of this Order.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision on the date his supplemental traverse is due.

IT IS SO ORDERED.

DATED:   January 31, 2014

**YVONNE GONZALEZ-ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**